### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **EE HOLDING GROUP LLC,** *Plaintiff,* v. **THEDALLASSUPPLY, 1421 CAPITAL LLC, AND BRETTON FISCHER,** *Defendants.* | Civil Action No. _____ Complaint for Trademark Counterfeiting and Infringement. Demand for Jury Trial. |

### COMPLAINT

Plaintiff EE Holding Group LLC ("Plaintiff") sues Defendants TheDallasSupply, 1421 Capital LLC, and Bretton Fischer ("Defendants"), and alleges the following:

### JURISDICTION

1. This is an action for trademark counterfeiting and infringement in violation of 15 U.S.C. § 1114, false designation of origin and/or false endorsement in violation of 15 U.S.C. §1125(a), common law trademark infringement and unfair competition, and unfair and deceptive trade practices under state law.

2. This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

3. Personal jurisdiction over Defendant 1421 Capital LLC is proper in this jurisdiction because it is a Florida limited liability company with a principal address in Key West, Florida.

4. Personal jurisdiction over Defendant Bretton Fischer is proper in this jurisdiction because, on information and belief, he is a Florida resident residing in Key West, Florida.

5. On information and belief, Defendant TheDallasSupply is not a formal legal entity

or individual but is, instead, merely a name under which one or more of the other named Defendants does business, both online and in person. As an alternate name for a Florida resident, entity, or both, personal jurisdiction over TheDallasSupply is proper in this jurisdiction. Alternatively, personal jurisdiction over Defendant TheDallasSupply is proper in this jurisdiction because, on information and belief, Defendant operates, conducts, engages in, or carries on a business or business venture in Florida (by or through at least one of the other named Defendants that reside and are located in Key West, Florida) and/or has an office or agency in Florida pursuant to Fla. Stat. 48.193(1)(a)(1). Additionally, or alternatively, on information and belief, Defendant TheDallasSupply is engaged in substantial and not isolated activity within Florida pursuant to Fla. Stat. 48.193(2).

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

**THE PARTIES**

7. Plaintiff EE Holding Group LLC is a Delaware limited liability company with a corporate office at 270 Lafayette St., Suite 502, New York, New York 10012.

8. On information and belief, Defendant TheDallasSupply ("TheDallasSupply") is a moniker used by one or both of the two other named Defendants on the Instagram social media platform to sell a variety of goods to consumers across the United States through private transactions, both online and in person.

9. On information and belief, Defendant 1421 Capital LLC ("1421 Capital") is a Florida entity with a principal address of 1421 White Street, Key West, Florida 33040. Further, on information and belief, 1421 Capital owns a bank account used by TheDallasSupply for some or all of the business activities at issue herein.

10. On information and belief, Defendant Bretton Fischer ("Fischer") is an individual

2

residing or located in Florida with an address of 1421 White Street, Key West, Florida 33040. Further, on information and belief, Fischer owns 1421 Capital and is one of TheDallasSupply's principals.

## RELEVANT FACTS

### I. BACKGROUND INFORMATION ABOUT PLAINTIFF AND ITS WORLD-FAMOUS ERIC EMANUEL BRAND.

11. Plaintiff owns all intellectual property, including all trademark rights, of fashion designer Eric Emanuel and is the current owner of his global trademark portfolio.

12. Eric Emanuel is an independent sportswear designer who has built his business and its vibrant community from the ground up. He gained notoriety in the fashion industry by designing custom python basketball jerseys, which were instantly worn by artists Travis Scott, A$AP Rocky, Future, and more. Today, his sportswear collection is widely recognized for its signature EE mesh shorts and ongoing sneaker and apparel collaborations with brands like adidas, Reebok, and New Era.

13. Plaintiff owns various federal trademark registrations and common law rights for its valuable trademarks including, but not limited to, ERIC EMANUEL, EE, and its stylized EE design mark ![EE logo] (collectively, "Marks" or "Plaintiff's Marks"). Each of Plaintiff's Marks is valid and enforceable.

14. Attached hereto as Exhibit A is a true and correct copy of a federal certificate of registration for one of Plaintiff's Marks.[1]

---

[1] Plaintiff also owns, among others, pending U.S. Trademark Application Serial Nos. 97810569, 98197979, and 98193520 for its stylized EE design mark, EE mark, and ERIC EMANUEL mark, respectively.

15. Plaintiff has used its Marks in commerce since as early as February 2014 and has not abandoned any of the Marks.

16. As a result of Plaintiff's extensive use of Plaintiff's Marks in commerce, through sale of goods, offering goods for sale, advertising, promotion, or otherwise, Plaintiff's Marks have achieved considerable goodwill throughout the United States and the world.

## II. BACKGROUND INFORMATION ABOUT DEFENDANTS AND THEIR INFRINGEMENT OF PLAINTIFF'S INTELLECTUAL PROPERTY RIGHTS.

17. Defendant TheDallasSupply is an Instagram account, the main purpose of which is to sell and facilitate the sale of clothing to consumers.

18. On information in belief, TheDallasSupply, through its principals or other agents, also sells clothing at trade shows or industry events, including various "Sneaker Con" events throughout the United States.

19. On information and belief, TheDallasSupply offers and sells clothing purporting to be authentic ERIC EMANUEL brand clothing bearing one or more of Plaintiff's Marks.

20. On information and belief, Defendant Fischer is one of the principal individuals behind TheDallasSupply.

21. On information and belief, Defendant Fischer directs and controls TheDallasSupply's activities complained of herein.

22. Defendant Fischer appeared in an Instagram post on Defendant TheDallasSupply's account showing Fischer and TheDallasSupply selling purportedly authentic ERIC EMANUEL brand shorts bearing one or more of Plaintiff's Marks at Sneaker Con in Dallas, Texas, in or around August 2023. (Exhibit B.)

23. On information and belief, TheDallasSupply holds an inventory of clothing that is

4

stored in one of two different warehouses or storage units.

24. On information and belief, as of late January 2024, TheDallasSupply has an inventory of hundreds of pairs of purportedly authentic ERIC EMANUEL brand shorts bearing one or more of Plaintiff's Marks stored at its two warehouses.

25. Plaintiff obtained copies of TheDallasSupply's on-hand inventory lists as of January 2024 containing images of the purportedly authentic ERIC EMANUEL brand shorts bearing one or more of Plaintiff's Marks currently in Defendant's possession. (Exhibit C.) Defendants use these inventory lists to show customers and potential customers the products available for sale.

26. On information and belief, all of the purportedly authentic ERIC EMANUEL brand shorts bearing one or more of Plaintiff's Marks identified on TheDallasSupply's inventory lists are counterfeit goods – goods which bear counterfeit copies of one or more of Plaintiff's Marks. On information and belief, Defendants do not publicly display their inventory online, do not have a publicly available website or online storefront advertising or offering any goods, and have no brick-and-mortar retail stores. Additionally, on information and belief, Defendants did not purchase any of the goods at issue directly from Plaintiff nor any of Plaintiff's authorized retail channels or partners. Moreover, in light of the quantity of goods Defendants purport to have on hand, on information and belief, none of the goods are authentic resale items.

27. On or about Friday, January 26, 2024, Plaintiff ordered 4 pairs of purportedly authentic ERIC EMANUEL brand shorts bearing one or more of Plaintiff's Marks from TheDallasSupply.

28. Plaintiff paid for its purchase from TheDallasSupply, as instructed, by wiring the funds to a business checking bank account owned by Defendant 1421 Capital LLC.

29. On information and belief, Defendant 1421 Capital does business as TheDallasSupply.

30. Defendant Bretton Fischer is the owner and registered agent of Defendant 1421 Capital.

31. The principal address for Defendant 1421 Capital, according to the Florida Division of Corporations' online records, is 1421 White Street, Key West, Florida 33040.

32. On information and belief, that address is a residential address owned by Van D. Fischer and Darlene Fischer.

33. On information and belief, Defendants continue to sell and offer for sale non-genuine goods bearing counterfeit copies of one or more of Plaintiff's Marks.

34. On information and belief, Defendant Fischer has the ability to direct, control, and/or supervise TheDallasSupply and 1421 Capital's infringing activities and has a financial interest in such activity and personally participates in the infringing activity.

35. No Defendant is authorized to use any of Plaintiff's Marks in any capacity.

36. Defendants' actions are willful and in bad faith and have forced Plaintiff to bring this action in this Court to protect its valuable trademarks and brand.

**COUNT I.**
**INFRINGEMENT OF A REGISTERED TRADEMARK**
**IN VIOLATION OF 15 U.S.C. § 1114**
**(All Defendants)**

37. Paragraphs 1-36 are re-alleged and incorporated herein by reference.

38. On information and belief, each Defendant is using in commerce one or more reproductions, counterfeits, copies, or colorable imitations of one or more of Plaintiff's Marks in connection with the sale, offering for sale, distribution, or advertising of goods in a manner that is

likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of Defendants' goods.

39. Each Defendant's aforesaid actions are likely to cause damage and other irreparable injury to Plaintiff unless such actions are enjoined by this Court, Plaintiff having no adequate remedy at law.

40. Each Defendant's aforesaid actions constitutes an infringement of Plaintiff's rights in and to its federally registered Marks in violation of 15 U.S.C. § 1114.

41. After a reasonable opportunity for further investigation and discovery, the evidence will likely show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks and knowledge that such acts are likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of its goods. Each Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

42. In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from each Defendant, jointly and severally: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based on the nature of each Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

43. Plaintiff is further entitled to an award of three times its damages or profits from each Defendant found to be intentionally using a counterfeit mark, pursuant to 15 U.S.C. § 1117(b).

44. Alternatively, Plaintiff is entitled to an award of statutory damages of not less than $1,000 or more than $2,000,000 per counterfeit mark per type of good sold or offered for sale

pursuant to 15 U.S.C. § 1117(c).

45. Plaintiff has been and will continue to be irreparably damaged by each Defendant's aforesaid acts unless Defendants are permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

## COUNT II.
## FALSE DESIGNATION OF ORIGIN AND/OR FALSE ENDORSEMENT IN VIOLATION OF 15 U.S.C. § 1125(a)
## (All Defendants)

46. Paragraphs 1-36 are re-alleged and incorporated herein by reference.

47. Each Defendant is using in commerce a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact on or in connection with its goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of each Defendant with Plaintiff, or as to the origin, sponsorship, or approval of each Defendant's goods or commercial activities by Plaintiff.

48. After a reasonable opportunity for further investigation and discovery, the evidence will likely show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks and knowledge that such acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of each Defendant with Plaintiff, or as to the origin, sponsorship, or approval of each Defendant's goods or commercial activities by Plaintiff. Each Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

49. Defendants' acts constitute false designation of origin and/or false endorsement in violation of 15 U.S.C. § 1125(a).

50. In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from each Defendant, jointly and severally: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based on the nature of each Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

51. Plaintiff has been and will continue to be irreparably damaged by each Defendant's aforesaid acts unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

## COUNT III.
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
**(All Defendants)**

52. Paragraphs 1-36 are re-alleged and incorporated herein by reference.

53. Each Defendant's use of one or more marks that is confusingly similar to one or more of Plaintiff's Marks, in connection with goods which are the same as or are competitive with Plaintiff's goods, is likely to cause confusion, to cause mistake, and to deceive as to the source or origin of its goods.

54. Each Defendant is offering its goods for sale with full knowledge of Plaintiff's Marks.

55. Each Defendant has promoted and offered for sale its goods in such a manner as to suggest an association, affiliation, or sponsorship with, or approval by Plaintiff, or so as to cause, or be likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of Plaintiff's or Defendants' goods, all to Defendants' profit and to Plaintiff's damage.

56. Plaintiff is entitled to recover from each Defendant, jointly and severally, actual

and compensatory damages in an amount to be proven at trial in addition to any other available remedies.

57. Each Defendant's aforesaid conduct constitutes infringement of Plaintiff's common law rights in and to Plaintiff's Marks and further constitutes common law unfair competition, all of which has irreparably damaged and/or will irreparably damage Plaintiff, together with its goodwill and reputation, unless Defendants are enjoined and restrained by this Court, Plaintiff having no adequate remedy at law.

## COUNT IV.
## VICARIOUS TRADEMARK INFRINGEMENT
### (Defendant 1421 Capital Only)

58. Paragraphs 1-36 are re-alleged and incorporated herein by reference.

59. On information and belief, Defendant 1421 Capital has an apparent or actual partnership with Defendants TheDallasSupply and/or Fischer. When purchasing infringing goods from/through Defendant TheDallasSupply, Plaintiff was instructed to send payment to a business checking account held in the name of Defendant 1421 Capital. Fischer is the sole member of 1421 Capital. Thus, on information and belief, Fischer derives substantial financial benefit from 1421 Capital in connection with the sale of infringing goods.

60. On information and belief, as the entity designated to receive payment on behalf of TheDallasSupply and Fischer from sale of the infringing goods, 1421 Capital exercises some degree of control over the infringing goods at issue sold by Defendants, TheDallasSupply and Fischer.

61. Alternatively, or additionally, on information and belief, Defendant 1421 Capital and Defendant Fischer have authority to bind one another in transactions with third parties.

62. In light of the foregoing, Defendant 1421 Capital is vicariously liable for one or

both of Defendant TheDallasSupply's and Defendant Fischer's direct trademark infringement, as alleged herein.

63. In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendant: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based on the nature of Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

64. Plaintiff has been and will continue to be irreparably damaged by Defendant's aforesaid acts unless Defendant is preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

## COUNT V.
## UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER FLA. STAT. 501.204
### (All Defendants)

65. Paragraphs 1-36 are re-alleged and incorporated herein by reference.

66. Each Defendant's use of a counterfeit or otherwise infringing trademark in connection with the sale or offer for sale of goods as described herein constitutes an unfair method of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of trade or commerce pursuant to Fla. Stat. 501.204.

67. After a reasonable opportunity for further investigation and discovery, the evidence will likely show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks and are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive.

68. As a result of Defendants' unfair competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices, Plaintiff has been and will continue to suffer damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for a judgment of the Court as follows:

1. That Defendants, and those persons in active concert or participation with Defendants, be permanently enjoined and restrained from advertising, offering for sale, or selling any goods under or in connection with Plaintiff's Marks or any other designation, trademark, or service mark that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Plaintiff's or Defendants' goods, or from otherwise infringing Plaintiff's Marks;

2. That an accounting be conducted and judgment be rendered against each Defendant, jointly and severally, for:

   a) all profits received by each Defendant from the sale of goods under or in connection with Plaintiff's Marks in the United States;

   b) all damages in an amount proven at trial from, *inter alia*, each Defendant's trademark infringement, false designation of origin, and false endorsement, pursuant to 15 U.S.C. § 1117; and

   c) any other actual and compensatory damages in an amount not presently known but to be computed during the pendency of this action.

3. That any damages assessed against any Defendant for trademark infringement, false designation of origin, and/or false endorsement be trebled as provided by 15 U.S.C. § 1117, and any profits be enhanced as warranted;

4. Alternatively, that Plaintiff be awarded statutory damages from each Defendant found to be using a counterfeit mark of no less than $1,000 and no more than $2,000,000 per mark per type of good sold;

5. That each Defendant be directed to file with the Court and serve upon Plaintiff, no

later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which each has complied with the injunction requested in the immediately preceding paragraphs and any other provision of this Court's Order;

6. That Plaintiff have and recover its costs in this suit, including but not limited to reasonable attorney's fees and expenses; and

7. That Plaintiff have such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: January 30, 2024.

Respectfully submitted,
THE SLADKUS LAW GROUP

*s/Jason H. Cooper*
Jason H. Cooper
Fla. Bar No. 98476
E-mail: jason@sladlaw.com

1397 Carroll Drive
Atlanta, GA 30318
Telephone: (404) 252-0900
Facsimile: (404) 252-0970

***Attorneys for Plaintiff***